# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (414) 748-5715, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | Case No. 24-816M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Wisconsin__
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before __3/26/2024__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   xx☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Honorable Nancy Joseph__ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3/12/2024 @ 10:57 a.m.

*Judge's signature*

City and state: Milwaukee, WI         Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                                           _____
*Executing officer's signature*

                                                                           _____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (414) 748-5715, ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 12920 SE 39th St, Bellevue, WA 98006.

# ATTACHMENT B

## Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period 01/01/2024- 01/07/2024:

   a. The following subscriber and extended subscriber information about the customers or subscribers of the Account:

      i. Names (including subscriber names, user names, and screen names);

      ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii. Local and long-distance telephone connection records;

      iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      v. Length of service (including start date) and types of service utilized;

      vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); device make and model;

      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

   i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers); call detail records for voice, SMS, MMS, and data; email addresses and IP addresses (including source and destination); and

   ii. information regarding the cell towers and sectors through which the communications were sent and received; and

   iii. per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

**II.     Information to be Seized by the Government**

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of 18 U.S.C. § 1951 and 18 U.S.C. § 924c involving Dominique DICKERSON during the period 01/01/2024-01/07/2024.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
INFORMATION ASSOCIATED WITH THE CELLULAR )    Case No. 24-816M(NJ)
TELEPHONE ASSIGNED CALL NUMBER (414) 748-5715, THAT )
IS STORED AT PREMISES CONTROLLED BY T-MOBILE )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1951(a) and 2(a) | Hobbs Act Robbery |
| 18 U.S.C. § 924(c)(1)(A) | Use, Brandishing, and Discharging a Firearm during and in relation to a Crime of Violence |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Kevin Kaiser
Digitally signed by Kevin Kaiser
Date: 2024.03.11 09:51:31 -05'00'
*Applicant's signature*

Kevin Kaiser, Special Agent - FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 3/12/2024

*Judge's signature*

City and state: Milwaukee, WI     Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Kevin Kaiser, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (414) 236-1167, ("the SUBJECT PHONE"), that is stored at premises controlled by T-Mobile, a wireless telephone service provider headquartered at 12920 SE 39th St, Bellevue, WA 98006. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April of 2023. Since April of 2023, I have been assigned to the FBI's Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies, and other violent crime matters, as defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities. I have

experience in the investigation, apprehension and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 1951(a) and 2(a) (Hobbs Act robbery) and 924(c)(1)(A) (use, brandishing, and discharging a firearm during and in relation to a crime of violence) were committed by Dominique DICKERSON (DOB XX/XX/1991). There is also probable cause to search the information described in Attachment A for evidence of this crime as further described in Attachment B.

## PROBABLE CAUSE

5.  On Wednesday, January 3, 2024, Milwaukee Police Officers were dispatched to the Dollar Tree, located at 8207 W. Brown Deer Rd., in the City and County of Milwaukee, State and Eastern District of Wisconsin for a report of an armed robbery. The robbery discussed herein affected interstate commerce. Upon arrival, the officers met with and spoke with the cashier, identified as ACS. ACS was later interviewed by Milwaukee Police Detective Slomczewski. ACS stated on 01/03/24 at 12:26pm, a black male in his 20's, approximately 5'07" to 5'09" tall with a thin build and medium complexion approached the register. ACS reported that the suspect was wearing a black jacket, a burgundy winter cap, and a black mask. As ACS began to ring up the

order for the suspect, the suspect stated, "Open the register." The suspect moved towards ACS and displayed and pointed a dark gray colored semi-automatic handgun at ACS.

6. ACS stated he feared he would be shot if he did not comply. The suspect obtained the money from the cash register after ACS opened the drawer. ACS did not consent to the robbery or having the firearm pointed at him.

7. Video footage of the robbery was obtained by the Milwaukee Police Department (MPD). The suspect was wearing a dark colored jacket, a multi-colored Milwaukee Brewers winter cap, black pants, and black footwear.

8. Investigators determined the latitude and longitude of the Dollar Tree located at 8207 W. Brown Deer Rd. is Latitude 43.176169, Longitude -88.011830.

9. On Thursday, January 4th, 2024, Milwaukee Police Officers were dispatched to the Family Dollar, located at 3334 N. Holton St., in the City and County of Milwaukee, State of Wisconsin for an armed robbery / shots fired complaint. Investigators responded and spoke with the victim, identified as JKB. JKB stated she is employed by the Family Dollar. At approximately 10:45am, she was approached by a black male in his 30's to 40's, approximately 5'08" tall with a medium build. The suspect's face and head were completely covered and all JKB could see of the suspect's face were his eyes. The suspect was wearing dark clothing and armed with a pistol in his right hand. The suspect told JKB, "Open the register." She told the suspect she could not. The suspect then told her to "Total it out." JKB was unable to open the register and the suspect told her to move. The suspect was approached by the store's uniformed and armed security guard. The suspect pointed his firearm at the guard's face. JKB got out of the area and then heard two gunshots. JKB did not know if the guard was shot or if she was being shot at. JKB ran across the

street and called 911. JKB did not consent to being robbed. The robbery affected instate commerce.

10. Video footage of the robbery was collected by the Milwaukee Police Department. The video captures what appears to be the same suspect wearing the same hat and jacket from the Dollar Tree robbery at 8207 W. Brown Deer Rd. on January 3, 2024. The video shows the suspect approach the register and appear to converse with JKB. The video shows the suspect discharge his firearm two times into the register in an apparent attempt to open the register. Without success in opening the register, the suspect picked up the entire register and walked out of the store with the register.

11. Video footage showed the suspect walk eastbound from the Family Dollar with the register in his right hand.

12. Investigators determined the latitude and longitude of the Family Dollar located at 3334 N. Holton St. is Latitude 43.079138, Longitude -87.904712.

13. Based upon the above two-armed robberies, investigators with the Federal Bureau of Investigation (FBI) Milwaukee Area Violent Crimes Task Force (MAVCTF) wrote two search warrants requesting cell phone data (Area and Tower Dumps) from four phone carriers. The warrant's scope was narrowed by date, time, and small radius around the robbery locations.

14. Upon obtaining the returns from these warrants, the data was analyzed. Investigators determined there were several devices that were suspect candidates.

15. Upon reviewing the T-Mobile return, one device (Identified by phone number 414-748-5715, IMSI 310260434584225, and IMEI 353555375590100) was consistent with being located at both robberies at the time of the offenses. In addition, this device also matched video surveillance of the suspect vehicle's route.

16. Investigators obtained video footage from Metal Forms Corporation located at 3334 N Booth Road for the January 4th robbery. On January 4, 2024, the video footage at 10:31:34am shows a black Chevy Cruze with blacked out wheels and no window tint heading eastbound on E. Concordia Ave. The vehicle turns southbound on Booth St, then performs a suspicious maneuver. The vehicle attempts to park in between two parked cars. It stops on an angle, then reverses out of the spot. The vehicle the continues southbound on N Booth, then westbound on W. Auer Ave. The vehicle never attempted to re-park. It also does not re-appear again. The vehicle's arrival and direction of travel is consistent with the identified device's location.

17. Investigators then attempted to obtain a link to this phone number and device. Members of the MAVCTF located MPD Incident Report #23-270-0123 and in this report phone number 414-748-5715 is linked to a Dominique DICKERSON (B/M DOB: XX/XX/1991) of 5849 N 74th St., Milwaukee, WI 53218.

18. Dominique DICKERSON matches the physical description of the suspect in this offense. In addition, DICKERSON was convicted of three business Armed Robberies in 2015. (2015CF000758 - Milwaukee County). DICKERSON is currently on Probation for those robberies and is in absconder status. In addition, DICKERSON has an open felony warrant for Child Abuse. (23CF004526 – Milwaukee County).

19. During surveillance on February 26, 2024 and February 27, 2024, investigators observed DICKERSON driving a black Chevy Cruze with blacked out wheels.

20. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site

data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

21. Based on my training and experience, I know that T-Mobile can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

22. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information

can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

**AUTHORIZATION REQUEST**

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

24. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (414) 748-5715, ("the Account"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 12920 SE 39th St, Bellevue, WA 98006.

# ATTACHMENT B

## Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period 01/01/2024-01/07/2024:

a. The following subscriber and extended subscriber information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long-distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); device make and model;

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers); call detail records for voice, SMS, MMS, and data; email addresses and IP addresses (including source and destination); and

      ii. information regarding the cell towers and sectors through which the communications were sent and received; and

      iii. per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

**II.  Information to be Seized by the Government**

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of 18 U.S.C. § 1951 and 18 U.S.C. § 924c involving Dominique DICKERSON during the period 01/01/2024-01/07/2024.